IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | 2:17-cv-04346-JS |
| AQUA RESOURCES, INC., | ) ) ) | |
| Defendant. | ) ) ) | |

## CONSENT DECREE

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission ("EEOC" or "the Commission"), against Defendant Aqua Resources, Inc. ("Aqua" or "Defendant"), alleging violations of Sections 703(a)(1)-(2) and 704(a) of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-(2)(a)(1)-2, (3)(a). The Commission alleged that Henry C. Blue, Jr. ("Blue") and a class of other similarly aggrieved black employees were subjected to a racially hostile work environment. The Commission further alleged that Defendant retaliated against Blue after complaining of harassment.

Aqua denies all liability and by consenting to this Decree does not admit to any wrongdoing.

The EEOC and Defendant desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan, to be embodied in a Decree, that will resolve the EEOC's claims and promote and effectuate the purposes of Title VII.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and Title VII. Therefore, upon due

consideration of the record herein, it is **ORDERED, ADJUDGED AND DECREED**:

1. This Decree resolves all claims alleged in the Complaint filed by the EEOC in this Title VII action, which emanated from the Charge of Discrimination filed by Blue, EEOC Charge No. 17C-2016-00544. The EEOC expressly reserves its right, however, to process and litigate any other charges which may currently be pending or in the future may be filed against Aqua or Aqua America, Inc.

2. This Decree shall be in effect for a period of two (2) years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purpose of the Decree.

3. While this Decree is in effect, Aqua is hereby enjoined from and shall refrain from violating the provisions of Title VII of the Civil Rights Act of 1964 by discriminating or taking adverse employment actions against employees on the basis of race and shall refrain from violating the provisions of Title VII of the Civil Rights Act of 1964 by retaliating against any individual because he or she has engaged in protected activity by opposing acts of racial discrimination or participating in investigations of racial discrimination.

4. In full settlement of the damages alleged by the EEOC in this case, Defendant will:

    a. Pay Charging Party Blue $80,000.00 within ten (10) business days from the date of entry of the Decree and the EEOC's compliance with paragraph 4a.i herein. This figure represents $70,000.00 in lost wages and monetary benefits with interest, and $10,000.00 in damages alleged pursuant to 42 U.S.C. § 1981a.

        i. Payment shall be sent by overnight delivery to Blue at the address provided to Defendant by the EEOC.

2

      ii. Defendant shall administer proper withholdings from the portion of the payment representing lost wages and monetary benefits for taxes and required employee contributions under FICA and shall issue to Blue an Internal Revenue Service Form W-2 to reflect such payment.

      iii. For the payment pursuant to 42 U.S.C. § 1981a, Defendant shall issue an Internal Revenue Service Form 1099 to Blue reflecting these components of the monetary settlement.

  b. Pay a class of claimants a total of $70,000.00 within ten (10) days from the EEOC's compliance with paragraph 4.b.i. herein. This figure represents damages alleged pursuant to 42 U.S.C. § 1981a and shall be distributed to the class, in amounts to be determined by EEOC in its sole discretion.

      i. EEOC agrees to provide Defendant the names, addresses and amount of distribution for each claimant within five (5) days from the date of entry of this Decree.

      ii. Defendant shall issue Internal Revenue Service Form 1099's for each claimant's portion of the payment (representing payments pursuant to 42 U.S.C. § 1981(a)).

5. Within ten (10) business days from the date of entry of this Decree, Aqua will provide Blue with a neutral letter of reference, the content of which will only confirm his job title and dates of employment with Aqua.

6. Within one hundred eighty (180) days from the date of entry of the Decree, Defendant will provide at least four (4) hour of training for all human resources personnel authorized to process, investigate, review and/or make decisions concerning claims of discrimination and

harassment related to Aqua. Defendant also agrees that its parent company, Aqua America, Inc. will provide at least two (2) hours of training for all employees of Aqua America, Inc.'s subsidiaries on recognizing harassment in the workplace, and policies and procedures for complaining about harassment. The training will promote Aqua America, Inc. and each relevant subsidiary's compliance with federal anti-discrimination laws, with an emphasis on Title VII and each Aqua America, Inc.'s subsidiary's duty not to discriminate based on race. The training will also emphasize the anti-retaliation provisions of federal EEO law. Within ten (10) days of the training's completion, Defendant will provide certification to the Commission's counsel of record that such training has occurred, including the date(s), time(s), and location(s) of the training, and the identities of all trainers and attendees.

7. Within ninety (90) days from the date of entry of the Decree, each Aqua America, Inc. subsidiary will implement and disseminate to its existing employees, and begin disseminating to new hires of the Aqua America, Inc. subsidiary a revised anti-harassment policy. Within ten (10) days of the implementation and dissemination of the new policy, Defendant will provide certification to the Commission's counsel of record that the same has occurred.

8. Within ten (10) days from the date of entry of this Decree, Defendant will post in all places where notices to Aqua employees customarily are posted at its facilities, the Notice attached hereto as Exhibit A and made a part hereof. Said Notice shall be posted and maintained for the life of the Consent Decree at all Aqua facilities. Exhibit A shall be signed by a responsible management official with the date of actual posting shown thereon. Should the Notice become defaced, marred, or otherwise made unreadable, Defendant will ensure that new, readable copies of the Notice are posted in the same manner as heretofore specified. Within ten (10) days of completion of the required posting, Defendant shall forward to the EEOC's attorney

of record a copy of the signed Notice attached hereto and written certification that the Notice referenced herein has been posted as required and a statement of the location(s) and date(s) of posting.

9. Each party shall bear its own court costs and attorneys' fees.

10. This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree, including but not limited to monetary sanctions and injunctive relief.

11. Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree. Prior to such motion, the Commission shall notify the Defendant, in writing, of the alleged non-compliance. The Notice shall include the paragraph(s) of this Consent Decree alleged to be violated and a statement of the facts and circumstances relied upon as the basis of the EEOC's claim of non-compliance. Upon receipt of written notice, Defendant shall have twenty (20) days to either correct the alleged non-compliance, and so inform the other party, or deny the alleged non-compliance in writing. The twenty (20) day period may be extended by written agreement executed by the EEOC and Defendant, and neither party will unreasonably withhold an agreement to extend. Nothing in this provision shall constitute a waiver by the Commission, after providing notice as described above, of its right to initiate claims for violation(s) of and/or to enforce this Consent Decree, including but not limited to claims for any harm occurring prior to the curing of any violation(s), or from the inadequacy of Defendant's efforts to cure or its failure to cure violation(s). Further, this provision shall not apply, and the Commission shall not be subject to any notice requirement or notice period, in situations where the Commission believes in good faith that a violation of the Decree has occurred and that any delay in seeking enforcement of the Decree and/or relief may

result in irreparable harm.

The undersigned counsel of record hereby consent to the entry of the foregoing Consent Decree.

FOR DEFENDANT:

*Christopher P. Luning*
Christopher P. Luning
General Counsel

Authorized corporate representative for
Defendant Aqua Resources, Inc.

Dated: January 16, 2018

FOR PLAINTIFF:

*Debra M. Lawrence*
Debra M. Lawrence
Regional Attorney
EEOC

*Maria Luisa Morocco*
Maria Luisa Morocco
Supervisory Trial Attorney
EEOC Baltimore Field Office
131 M Street
Fourth Floor, Suite 4NWO2F
Washington, DC 20507-0100

*Jennifer L. Hope*
Jennifer L. Hope
Senior Trial Attorney
EEOC Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107
(215) 440-2841

SO ORDERED.

Signed and entered this 23rd day of January, 2018.

*Juan R. Sanchez*
Juan R. Sanchez
United States District Court Judge

6

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Washington, D.C. 20507

### NOTICE TO EMPLOYEES POSTED PURSUANT TO A CONSENT DECREE BETWEEN THE U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AND AQUA RESOURCES, INC.

Aqua Resources, Inc. and its parent company Aqua America, Inc. ("Aqua") are fully committed to maintaining a workplace where all applicants and employees are free from illegal discrimination, including discrimination based on race and retaliation, as is recognized by Aqua's employment policies and required by federal law, including Title VII of the 1964 Civil Rights Act ("Title VII"). Title VII prohibits Aqua from creating a hostile work environment based on race. Title VII also prohibits Aqua from making any decisions about employment (such as hiring, promotion, compensation, discipline, etc.) based on an employee's or applicant's race or that employee or applicant having engaged in protected activity.

**We want you to know that:**

(1) We are 100% dedicated to upholding the law and our policies.

(2) We WILL NOT discriminate or tolerate any harassment or discrimination against employees or applicants on any impermissible basis, including race.

(3) We WILL NOT make personnel decisions with regard to race.

(4) We WILL NOT retaliate against any employee or applicant because that individual complained about illegal discrimination.

(5) If you feel that you are the victim of illegal discrimination or retaliation, you should contact your supervisor, Aqua's Human Resources, visit http://MySafeWorkplace.com or call the MySafeWorkplace hotline at 1-800-461-9330.

(6) If you have any questions about employment discrimination or retaliation, you should contact the U.S. Equal Employment Opportunity Commission at www.eeoc.gov or 1-800-669-4000.

AQUA RESOURCES, INC.

Dated: January 16, 2018

By: _[signature]_

Title: Senior Vice President, General Counsel, and Secretary